IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-523-BO

| | |
|---|---|
| JONATHAN DEKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NANCY A. BERRYHILL ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 13, 18]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on March 5, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 13] is GRANTED and defendant's motion [DE 18] is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed his application on August 26, 2013, alleging disability dating back to September 20, 2012. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on October 28, 2015. The ALJ issued a decision in January 2016, finding that plaintiff was not disabled from September 20, 2012 through October 27, 2015, but that he was disabled from October 28, 2015 onward. In September 2017, the Appeals Council issued an amended

determination, finding that plaintiff's onset date was January 8, 2016, rather than October 28, 2015, but affirmed the remainder of the ALJ's findings.

In October 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 1]. In July 2018, plaintiff moved for judgment on the pleadings. [DE 13]. Defendant moved for judgment on the pleadings in October 2018. [DE 18]. A hearing was held before the undersigned in Elizabeth City, North Carolina on March 5, 2019. [DE 21].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity (RFC) is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity and determined that, although during the closed period of September 2012 to October 2016 plaintiff was unable to perform his past relevant work activities, during that time he was able

3

to perform other jobs that existed in significant numbers in the national economy. But the ALJ concluded that plaintiff became an individual closely approaching advanced age under the Medical-Vocational Rules on October 28, 2016 and, given plaintiff's residual functional capacity, he became disabled on that date. The Appeals Council later changed the onset date to the date of the ALJ's decision: January 8, 2016.

The ALJ's findings are not supported by substantial evidence in the record. The ALJ found that plaintiff could perform less than a full range of light work, determining that he could "stand and walk for about four hours in an eight-hour workday with normal breaks" and required a cane "at all times when walking." [Tr. 105]. The ALJ found that plaintiff suffered from degenerative disc disease of the lumbar spine, cubital tunnel syndrome of the right upper extremity, degenerative joint disease of the left hip, and attention-deficit hyperactivity disorder. [Tr. 102]. Critically, however, the ALJ failed to give adequate weight to plaintiff's treating physician's opinion and failed to adequately specify limitations in the RFC regarding plaintiff's use of a cane.

In deciding whether a claimant is disabled, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R. §§ 404.1527(a)(2)(b), 416.927(a)(2)(b).[1] A medical opinion is a statement "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions."

---

[1] In January 2017, the Social Security Administration published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). Because these final rules did not become effective until after plaintiff's claim was filed, they do not apply in this case, and the citations in this order are to the rules in effect at the time of the ALJ's decision.

4

20 C.F.R. § 404.1527(a)(2). Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Factors that ALJs consider in determining how much weight to afford a medical opinion include (1) the examining relationship, (2) the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, (5) the physician's specialization, and (6) other relevant factors. 20 C.F.R. § 404.1527(c).

In this case, the ALJ failed to either afford proper weight to the opinion of plaintiff's treating physician, Dr. Manitus, or provide adequate explanation for affording diminished weight to Dr. Manitus's opinion. The ALJ's only reason for discounting Dr. Manitus's opinion was that it was inconsistent with her treatment notes, but upon careful review of the record, it is plain that Dr. Manitus's treating notes do not undermine her conclusions as to plaintiff's medical conditions and, in particular, his pain. In fact, Dr. Manitus's opinion was wholly consistent with the medical evidence in the record, including plaintiff's pain journal, Dr. Hill's opinion, and plaintiff's physical therapy records. Dr. Manitus's opinion clearly demonstrates that plaintiff was capable, at most, of performing sedentary work from the alleged onset date.

Similarly, the ALJ gave limited weight to Dr. Hill's opinion, failing to consider all of the relevant medical evidence contained in Dr. Hill's opinion. "An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a finding of disability." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)). By

cherrypicking particular facts from Dr. Hill's opinion and ignoring the remainder, the ALJ failed to adequately consider all of the relevant medical evidence.

On the basis of these two significant defects, the Court finds that the ALJ's decision was not supported by substantial evidence. Instead, substantial evidence existed in the record to establish that on plaintiff's alleged onset date, he was only capable of performing sedentary work, rather than light work with numerous exertional and non-exertional limitations as the ALJ determined. Because the Court finds that remand is justified for these errors alone, there is no need to consider plaintiff's remaining arguments. Instead, the Court must decide whether to remand for further proceedings or for an award of benefits.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance. The record plainly demonstrates that plaintiff was at most capable of performing sedentary work on his onset date and, given plaintiff's age on his onset date, a finding of disabled is appropriate under Medical-Vocational Rule 201.14. Accordingly, there is nothing to

6

be gained from remanding this matter for further consideration and reversal for an award of benefits is appropriate.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal and remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 13] is GRANTD and defendant's motion [DE 18] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this 7 day of March, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE